## ALBERT *v.* SWEET *et al.*

### (*Supreme Court, General Term, Third Department.* February 24, 1890.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—AFTER AFFIRMANCE ON APPEAL.

If the supreme court has power to grant a new trial for newly-discovered evidence, after the affirmance of the judgment by the court of appeals, it should be exercised only in a very strong case, and not where the new evidence is either cumulative, or must have been known to exist at the time of the trial.

Appeal from special term, Rensselaer county.

Action by Elmer J. Albert against Elnathan Sweet and James R. Young. Defendants appeal from an order denying their motion for a new trial. For former report, see 22 N. E. Rep. 762.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Campbell & Paige,* (*E. Winslow Paige,* of counsel,) for appellants. *Parker & Countryman,* (*Amasa J. Parker, Sr.,* of counsel,) for respondent.

LEARNED, P. J. It is not necessary to decide that there could never be a case in which, after the affirmance of the judgment by the court of appeals, this court could grant a new trial for newly-discovered evidence. If the power exists, it should be exercised only in a very strong case. Such is not the present case. The defendant may have been surprised by the decision in the appellate courts of the question of law as to the competency of certain evidence, but that would not justify us in ordering a new trial. The matter on which that evidence was thought to bear was the plaintiff's contributory negligence. On that matter the proposed new evidence was cumulative. Again, evidence of the meaning which the telegraphic order would have in the minds of railroad officials of other roads, if admissible, was such as the defendant must have known to exist at the time of the trial. That is, he must have known that he could then procure railroad officials who would testify to the meaning which, on their respective roads, that order would have. Further, the affidavits of the plaintiff in opposition to the motion show what the meaning of that order was on the railroad in question, and thus show that the proposed evidence could probably have little effect; and it is quite reasonable to understand that a through freight train, except for the purpose of keeping on its schedule time, would have no reason to stop at a station where there was no car to leave, and no freight to receive. So that when such a train had, by special order, been directed to run in advance of time, it would be unreasonble that it should stop at such a station. Again, even if this train came up to the station at a fast rate of speed, it might, after passing, have backed up, and stopped at the station. The time-table did not regulate the speed of approach. At the most, it only required the train to stop, and this stop was not necessarily before it had passed the station. The only object of the stop was to receive or deliver freight; and the train might have stopped after it had passed the crossing, and then have returned. Again, this time-table was only for the regulation of the duties of those running the trains in respect to the company which employed them. The defendants had negligently pushed a car upon the crossing. They were not using the crossing in any proper way, and they were guilty of negligence. Notwithstanding the accidental remark, in the opinion of the learned decision, that the failure to stop was material on the question of plaintiff's negligence, we have great doubt whether, as to one who is improperly on the track, it is negligence in the engineer to run ahead of time, or not to make a stop required by his time-table, where such requirement to stop has reference only to the ordinary business of the

road. But that question it is not necessary to decide. The reasons are abundant for affirming the order of the special term. Order affirmed, with costs and disbursements. All concur.